John K. SASSER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13833.

Court of Criminal Appeals of Oklahoma.

July 6, 1966.

William C. Page, Oklahoma City, for plaintiff in error at trial.

Malcolm Baucum, Oklahoma City, for plaintiff in error on appeal.

Charles L. Owens, Asst. Atty. Gen., for defendant in error.

PER CURIAM.

Plaintiff in Error, John K. Sasser, hereinafter referred to as defendant, was charged in the District Court of Oklahoma County with the crime of Burglary Second Degree. He was tried by a jury, found guilty, and his punishment assessed at Two Years in the penitentiary. From that judgment and sentence he has appealed to this Court alleging one assignment of error— "That the admission of the sweater taken from the defendant constitutes reversible error."

Defendant alleges that the sweater introduced by the state was wrongfully admitted, but gives no reason or authority of law. He states this has something to do with the sufficiency of certain search warrants, which were introduced in *another* trial of defendant, not introduced in the instant case.

After a careful examination of the record before this Court, it is readily

apparent that search warrants have nothing whatsoever to do with this case. None of the testimony concerns search warrants, or are there search warrants incorporated in the casemade. Further, he does not support this allegation with either argument or citation of authorities. This Court has repeatedly held, as in Collins v. State, Okl. Cr., 407 P.2d 609:

"It is necessary for counsel for plaintiff in error not only to assert error, but to support his contentions by both argument and the citation of authorities. Where this is not done, and it is apparent that the defendant has been deprived of no fundamental rights, this court will not search the books for authorities to support the mere assertion that the trial court has erred."

Inasmuch as there is nothing before this Court to be considered, and since the casemade reveals no violation of defendant's rights, or reversible error, it is the opinion of this Court that the judgment and sentence of the trial court be, and the same is, hereby affirmed.